UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND A. FORSMAN,<br><br>Plaintiff,<br><br>v.<br><br>PORT OF SEATTLE, et al.,<br><br>Defendants. | Case No. C23-1394-RSM<br><br>ORDER OF DISMISSAL |

*Pro se* Plaintiff Raymond Forsman has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #5. The Complaint was posted on the docket on September 19, 2023. Dkt. #6. Summonses have not yet been issued.

Plaintiff Forsman brings this case against Defendants the Port of Seattle and managers Ray Giometti and K. Lyles. *Id.* at 2. All parties are residents of Western Washington. *Id*. at 1–2. Plaintiff's form Complaint has a section for "Basis of Jurisdiction;" it was left blank. *Id*. at 3. The factual circumstances of this case are stated briefly in a couple of handwritten sentences: "Loss of income because port managers had <u>conspiracy</u> agreement to not allow registration of skiff all other tenants allowed to do…. Crime fraud exception. Thru [sic] freedom of information I uncovered proof of conspiracy & fraudulent billing and having Port Attorney J. Culumeber [sic] unwittingly submit false statement." *Id.* at 5 (emphasis in original). Plaintiff seeks $959,000 in requested relief. *Id.* Plaintiff attaches 19 pages of exhibits. The first page is a letter to the judge detailing Plaintiff's allegations. Dkt. #6-1 at 1–

ORDER OF DISMISSAL - 1

2. At one point Plaintiff states, "[o]riginal complaints of cv-19-02050-RSL and cv-21-867-RSM were dismissed with prejudice however untrue statements submitted by Port of Seattle attorney J Culumber of KBM Lawyers were known to be false by Port of Seattle managers supplying information." *Id*. at 1.

Two years ago, in a prior case, this Court granted a Motion to Dismiss filed by the Port of Seattle. *See* Case No. 21-cv-867-RSM Dkt. #15. At that point, the Court was told, "Plaintiff's current Amended Complaint (Dkt. 3) is approximately the eighth separate complaint he has filed against the Port of Seattle and its employees/attorneys across the course of three separate lawsuits…. The current Amended Complaint addresses the same facts, and makes the same allegations, as all of the prior complaints, each of which have been dismissed with prejudice." *Id*. (citing Case No. 2:19-cv-02050-RSL and Case No. 2:20-cv-01266-RSL). Back then Plaintiff acknowledged and cited to those cases, as he does again in this case. Plaintiff is aware that he is filing new lawsuits raising the same issues against the same Defendants after his claims were dismissed with prejudice.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L.Ed.2d 210 (1979)). Disallowed claims include both those that were raised and those that "could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013) (citing *Glickman*, 123 F.3d at 1192). A dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is considered a "final judgment on the

ORDER OF DISMISSAL - 2

merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142 (9th Cir.1999).

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint fails to adequately state causes of action, or to address the obvious and known issue of *res judicata*, or to state a basis for this Court's jurisdiction, or to include enough details to state a claim upon which relief can be granted.  The Court finds it impossible for Plaintiff to amend his complaint to correct these deficiencies while remaining consistent with the allegations and procedural history.  As such, immediate dismissal under 28 U.S.C. § 1915(e)(2)(B) is warranted.  If Plaintiff believes there is a legal basis to seek relief in his first case based on fraud or new evidence, he should carefully review the Federal Rules of Civil Procedure and consider filing an appropriate motion in that first case.

Accordingly, the Court hereby FINDS and ORDERS that this case is DISMISSED with prejudice.  This case is CLOSED.

DATED this 20th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3